26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary L. LEKVOLD, Plaintiff-Appellant,
v.
WESTINGHOUSE HANFORD CO., a Delaware Corporation;
Westinghouse Electric Corp., a Pennsylvania
Corporation, Defendants-Appellees.
 No. 92-35271.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1993.
Submission Withdrawn Nov. 4, 1993.
Resubmitted May 17, 1994.
Decided May 19, 1994.
 
 Before: WRIGHT, GOODWIN, and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gary L. Lekvold appeals a summary judgment in favor of the defense in Lekvold's damages action alleging that the defendants retaliated against him for "whistleblowing" activities, in violation of his federal constitutional rights. We affirm.
 
 
 3
 At all times relevant to this appeal, Lekvold was a senior security engineer assigned to the Security Application Center at the Hanford Nuclear Reservation ("Hanford"), located in Hanford, Washington. Hanford is owned by the United States, but is managed by private contractors pursuant to a contract with the Department of Energy ("DOE"). Lekvold was hired to work at Hanford by Westinghouse Hanford Company, a subsidiary of Westinghouse Electric Corporation ("Westinghouse"), which has been the management contractor at Hanford since June 29, 1987.
 
 
 4
 Lekvold alleged that he began communicating concerns he had over the security of nuclear materials storage at the Hanford site to Westinghouse management, DOE officials, and members of Congress beginning in April 1988. He contends that Westinghouse retaliated against him as a result of these communications. Lekvold complained that Westinghouse's alleged actions violated his speech and due process rights under the First and Fourteenth Amendments.
 
 
 5
 Lekvold bases his constitutional claims on the Supreme Court's decision in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which permits, under certain circumstances, damages suits against federal officials who violate federal constitutional rights under color of federal law.[1]
 
 
 6
 The Supreme Court has allowed "Bivens actions" for money damages against federal officers who violate the Due Process Clause of the Fifth Amendment, Davis v. Passman, 442 U.S. 228 (1979), and the Cruel and Unusual Punishments Clause of the Eighth Amendment, Carlson v. Green, 446 U.S. 14 (1980). "In each of these cases, as in Bivens itself, the Court found that there were no 'special factors counselling hesitation in the absence of affirmative action by Congress,' no explicit statutory prohibition against the relief sought, and no exclusive statutory alternative remedy." Schweiker v. Chilicky, 487 U.S. 412, 421 (1988) (citations omitted) (refusing to create Bivens remedy for persons improperly denied Social Security benefits).
 
 
 7
 Lekvold argues that a Bivens remedy is appropriate here because Congress has been inadvertent in not creating a legislative remedy for violation of whistleblowers' rights at DOE facilities. However, the district court concluded that Congress' repeated failure to enact proposed whistleblower legislation providing a remedy for DOE contractor employees barred a Bivens remedy in this case.
 
 
 8
 After the district court's decision, two major developments occurred in this area of law that are dispositive of this appeal. First, Congress amended the Energy Reorganization Act of 1974 ("ERA") to provide whistleblower protection for employees at DOE-owned, contractor-operated nuclear facilities. See Energy Policy Act of 1992, Pub.L. No. 102-486, Sec. 2902(a), 106 Stat. 2776, 3123 (1992) (codified at 42 U.S.C.A. Sec. 5851 (West Supp.1993)). However, the amendments apply prospectively only to claims filed on or after the effective date of the amendments, October 24, 1992. Pub.L. No. 102-486, Sec. 2902(i), 106 Stat. at 3125. Because Lekvold filed his action on January 25, 1991, he cannot take advantage of these amendments to recover the damages he seeks.
 
 
 9
 The second major development was the decision by another panel of this circuit in a related case that presented similar issues, Bricker v. Rockwell Int'l Corp., No. 91-36153, slip op. (9th Cir. Apr. 15, 1994).[2] Bricker held that Congress' failure to create whistleblower protection for employees at DOE-owned, contractor-operated nuclear facilities prior to October 24, 1992 was not inadvertent and that a remedy for money damages should not be judicially created for claims filed before that time. Id. at 3689, 3693 (emphasis supplied).
 
 
 10
 The facts of Bricker are very similar to the facts here. Indeed, the district court in Lekvold's case relied on the district court decision in Bricker, No. CY-90-3090-AAM, 1991 WL 268026 (E.D.Wash. Sept. 17, 1991), to dispose of this case on summary judgment. We find that Bricker controls this case.
 
 
 11
 In Bricker, plaintiff Edwin Bricker was employed at Hanford Nuclear Reservation, the same nuclear facility in which Lekvold worked. In his complaint, Bricker named the two Westinghouse defendants that are also the defendants in Lekvold's complaint, as well as a third defendant, Rockwell Hanford Corporation, a division of Rockwell International Corporation, ("Rockwell"). Bricker, slip op. at 3685.
 
 
 12
 Bricker's complaint alleged that while he was employed at Hanford, he became aware of safety, health, and environmental problems at the facility and that he voiced his concerns about these matters to his supervisors, officials of Rockwell and Westinghouse, members of Congress, and the news media. Id. at 3686. As a result of these "whistleblowing" activities, Bricker contended that Rockwell and Westinghouse subjected Bricker to various forms of harassment, thereby violating his federal constitutional rights. Id.
 
 
 13
 Bricker argued, as Lekvold does here, that Congress' failure to provide a damages remedy for employees at DOE nuclear facilities was inadvertent and that a judicially created Bivens remedy was justified. Id. However, we have already rejected these arguments. This court in Bricker found that Congress, when considering the 1992 ERA amendments, "decided to provide only prospective relief even though it was aware that harassment of whistleblowers had occurred in the past at DOE nuclear facilities, including Hanford." Id. at 3692. For this reason, this court concluded that: "We cannot create a Bivens remedy if there are indications that congressional inaction has not been inadvertent." Id. at 3693 (citation and internal quotation marks omitted). As the court in Bricker, we must defer to Congress' decision not to provide a remedy for plaintiffs such as Lekvold, whose claims arose prior to the 1992 amendments to the ERA.
 
 
 14
 Lekvold attempts to distinguish Bricker on several grounds. He argues that unlike in his case, Edwin Bricker had numerous administrative and statutory remedies available to him to pursue his claims. However, the district court in Lekvold's case found that Lekvold also had several avenues for processing his concerns open to him, which he used, albeit unsuccessfully. Among these was the remedy of DOE Order 5483.1A, which provides safety and health protection for DOE contractor employees, similar to those found in private industry under the Occupational Safety and Health Act. Another was the Inspector General Act of 1978, which prohibits retaliation against employees who bring complaints to the attention of the Inspector General.
 
 
 15
 Although Lekvold does not contest that these remedies exist, he argues they are nonstatutory remedies that do not satisfy the alternative available remedies as discussed in Schweiker. However, in Bricker we rejected an identical argument. Bricker, slip op. at 3694-99. Additionally, we examine whether alternative remedial schemes exist to determine whether congressional inaction in an area has not been inadvertent. See Schweiker, 487 U.S. 412, 423 (1988). Where, as here, it is clear from the legislative history that Congress did not inadvertently fail to provide remedies for whistleblowers at DOE nuclear facilities prior to 1992, we need not examine whether such remedial schemes existed to redress an employee's claims.
 
 
 16
 For these reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Lekvold claims that Westinghouse is subject to suit on a Bivens theory because it is a "federal actor." Westinghouse denies that it is a federal actor, but did not seek summary judgment on this issue. Thus, this issue is not before this court
 
 
 [2]
 Lekvold's case was withdrawn and resubmitted in order to await the outcome of a petition for rehearing and rehearing en banc filed in the Bricker case. The petition for rehearing in Bricker was denied and the suggestion for rehearing en banc was rejected on April 15, 1994. See Bricker, slip op. at 3685